Qin Ru FAN, a.k.a. Qin
Ru Pan, Petitioner

v.

John ASHCROFT, Attorney
General Respondent

No. 00–70613.
I & NS No. A76–280–412.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2001.

Decided May 23, 2001.

Before LAY *, TROTT and BERZON,
Circuit Judges.

MEMORANDUM **

We find sufficient evidence in the record
to support the Board of Immigration Appeal's ("BIA's") decision and therefore affirm its denial of Qin Ru Fan's application
for asylum.  As the parties are familiar
with the factual and procedural history of
this case, we do not recount them here
except as necessary to explain our decision.

1. "To deny asylum on credibility grounds, the BIA must have a 'legitimate articulable basis to question the
petitioner's credibility, and must offer a
specific, cogent reason for any stated disbelief.'" *Abovian v. INS*, 219 F.3d 972,
978 (9th Cir.2000) (quoting *Hartooni v.
INS*, 21 F.3d 336, 342 (9th Cir.1994)).
"Any reasons put forth in support of an
adverse credibility finding must be substantial and bear a legitimate nexus to
the [credibility] finding." *Id.* at 978 (cita-

* The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tions and internal quotation marks omitted).

■ 2. The BIA articulated reasons for its adverse credibility finding that were sufficient to satisfy this standard. The basis for Mr. Fan's persecution claim was his testimony that his wife was forced to undergo an abortion in 1996. The BIA did not question that an abortion took place at that time, but articulated a cogent reason for rejecting Mr. Fan's testimony that the abortion was involuntary. Specifically, the BIA noted that the abortion took place when Mr. Fan's wife was just two months pregnant, long before her pregnancy would have been evident to a casual observer, and that Mr. Fan offered no credible explanation of how family planning officials could have learned that she was pregnant. The BIA found implausible Mr. Fan's testimony that family planning officials became suspicious that his wife might be pregnant, and took her away for testing, simply because they saw her standing outside holding their 16 month old child. The implausibility of Mr. Fan's story was a substantial and legitimate reason for the BIA's rejection of his claim that he had been persecuted.[1] We are unable to conclude that "a reasonable factfinder would have to" accept Mr. Fan's story despite its implausibility. *I.N.S. v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Mr. Fan's testimony at his hearing before the IJ was essential to establishing his eligibility for asylum. Because the BIA justifiably found him not credible, we must conclude that Mr. Fan has not demonstrated his eligibility for asylum. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). Consequently, his petition is DENIED.

---

1.  The government conceded at oral argument that the existence of an "abortion certificate," which the State Department Country Profile indicates is typically issued in cases of voluntary abortion, is not itself probative of whether any particular abortion was or was not voluntary.

